# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| **TERRY LYNN WEBSTER** | **CIVIL ACTION NO. 05-1698** |
| **VS.** | **SECTION P** |
| **RICHARD L. STALDER, ET AL.** | **JUDGE JAMES** |
| | **MAGISTRATE JUDGE HAYES** |

## MEMORANDUM ORDER

Plaintiff has requested court-appointed counsel to assist him in the prosecution of a civil rights complaint (42 U.S.C. §1983) filed on September 19, 2005. Plaintiff is an inmate at the Riverbend Detention Center, Lake Providence, Louisiana who complains of conditions of confinement at the Rivers Correction Center, Ferriday, Louisiana during the one year period beginning in June, 2004.

Initially, the undersigned notes that plaintiff is proceeding in *forma pauperis.* A review of the pleadings supports a finding that he should be considered indigent for the purposes of this evaluation.

Congress has not specifically authorized courts to appoint counsel for plaintiffs proceeding under 42 U.S.C. §1983. "Generally no right to counsel exists in §1983 actions [but] appointment of counsel should be made as authorized by 28 U.S.C. §1915 where 'exceptional circumstances' are present." *Robbins v. Maggio*, 750 F.2d. 405 (5th Cir. 1985). Pursuant to 28 U.S.C. §1915(e)(1), federal courts are given the power to

1

request that an attorney represent an indigent plaintiff. In the case of *Mallard v. United States District Court for the Southern District*, 490 U.S. 296, 301-302, 109 S.Ct. 1814, 1818, 104 L.Ed.2d 318 (1989) the United States Supreme Court held that federal courts can only request that an attorney represent a person unable to employ counsel because federal courts are not empowered under 28 U.S.C. §1915(e)(1) to make compulsory appointments.

Although courts can request that an attorney represent an indigent plaintiff, the court is not required to make this request in the absence of "exceptional circumstances." See *Ulmer v. Chancellor*, 691 F.2d. 209, 212 (5th Cir. 1982) and *Jackson v. Cain*, 864 F.2d. 1235, 1242 (5th Cir. 1989). No precise definition of "exceptional circumstances" is available, but the United States Courts of Appeal have provided a litany of factors for lower courts to consider in determining whether the plaintiff is entitled to have the court request that counsel assist him in his suit. It is proper for the court to consider the following factors: the type and complexity of the case; the plaintiff's ability to adequately present and investigate his case; the presence of evidence which largely consists of conflicting testimony so as to require skill in presentation of evidence and cross-examination; and the likelihood that appointment will benefit the petitioner, the court, and the defendants by "shortening the trial and assisting in just determination." See *Parker v. Carpenter*, 978 F.2d. 190 (5th Cir. 1992), citing *Murphy v. Kellar*, 950 F.2d. at 293, n.14; *see also Ulmer*, 691 F.2d. at 213, and *Jackson*, 864 F.2d. at 1242. Additionally, a court may consider whether a plaintiff has demonstrated the inability to secure private counsel

2

on his own behalf. *See Jackson*, 864 F.2d. at 1242; *Ulmer*, 691 F.2d. at 213. Plaintiff is not excused from trying to procure counsel for himself.

Plaintiff has managed to file his original complaint setting forth his cause of action against the named defendants. No special legal knowledge is required of plaintiff herein. Additionally, plaintiff has first hand knowledge of the facts which form the basis of this action. The claims are not necessarily atypical of those often asserted in civil rights litigation and are not complex. Finally, plaintiff has failed to demonstrate that he has exhausted all attempts to procure counsel on his own behalf. He admits to having only attempted to contact two attorneys.

Accordingly, plaintiff's request for appointment of counsel should be denied as the circumstances presented herein are not "exceptional" so as to warrant the appointment of counsel.

**IT IS ORDERED** that plaintiff's request for appointment of counsel be **DENIED.**

**THUS DONE AND SIGNED** in Chambers at Monroe, Louisiana, this 8th day of February, 2006.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE